The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and STREAMLIGHT, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Individuals and entities doing business as the following Amazon Selling Accounts: MASSEAGS; CFD HELPING HANDS; JARRETT'S FENCE, LLC; JERILYN SMITH, LLC; MEALIGHT; MTT TECH; DOREEN CAMPBELL-ISAACS LLC; SOONS; DIFAG; FANRIN; SKABUL; TENUAL; GEMLIGHTS; and DOES 1-10, <br><br> Defendants. | NO. 2:21-cv-1456-BJR <br><br> **(1) ORDER GRANTING IN PART PLAINTIFFS' *EX PARTE*  MOTION FOR A PRELIMINARY INJUNCTION, LIMITED EXPEDITED DISCOVERY, AND ALTERNATIVE SERVICE; AND (2) ORDER TO SHOW CAUSE** |

This lawsuit involves claims of Lanham Act violations and various counts relating to alleged infringement of Plaintiff Streamlight, Inc. products, sold through Plaintiff Amazon.com, Inc.'s website. Named and Doe Defendants are alleged to be involved in the production and sale of counterfeit Streamlight products. The instant matter before the Court is Plaintiffs' "*Ex Parte* Motion for a Preliminary Injunction, Limited Expedited Discovery, and Alternative Service." Dkt. No. 10. Having reviewed Plaintiffs' brief, the Court finds and rules as follows.

ORDER RE: EX PARTE MOTION
FOR PRELIMINARY INJUNCTION

- 1

### A.  Motion for Preliminary Injunction

Plaintiffs have moved, *ex parte*, for an injunction ordering third parties Verisign, Inc. and NameCheap, Inc. to disable their allegedly fraudulent authentication domain (the "Offending Domain"), through which, Plaintiffs claim, Defendants are passing off their allegedly infringing products. Plaintiffs seek an injunction without citation to Federal Rule 65(b) or its limitations on issuance of an injunction without notice to an adverse party, (*i.e.* a temporary restraining order); and without reference to that Rule's standard regarding circumstances under which an injunction may bind a non-party. Fed. R.Civ. P. 65(d)(2)(D); *see* 11A Fed. Prac. & Proc. Civ. § 2956 (3d ed.) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.").

"A preliminary injunction is an extraordinary remedy," and one sought without notice and against a third party not named in the lawsuit, undoubtedly all the more so. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008). Having brought this motion *ex parte,* Plaintiffs carry the burden of singlehandedly convincing the Court it should be granted, and their failure even to reference the Federal Rule governing TROs demonstrates the inadequacy of their effort. The Court therefore orders Plaintiffs to show cause why this request should not be denied. Plaintiffs may file a brief in support of their motion for a preliminary injunction under these circumstances, including in particular: (1) whether the Court has authority to issue an injunction against third parties not named in the lawsuit, over whom in personam jurisdiction has not been claimed or established; and (2) whether what Plaintiffs seek—a preliminary injunction without notice either to those third parties or Defendants—is in fact a motion for a TRO, and whether an order under the facts of this case will meet the standards and limitations on issuance of a TRO. Such brief

ORDER RE: EX PARTE MOTION
FOR PRELIMINARY INJUNCTION

1    shall not exceed 10 pages, and shall be filed no later than April 1, 2022.

2    **B.  Motion for Limited Expedited Discovery**

3    Plaintiffs also seek an order authorizing limited expedited discovery of "Defendants'

4    identities, locations, and account activity" via third-party subpoenas to NameCheap (against

5    whom it also seeks the injunction, discussed above) and GoDaddy, Inc. ("GoDaddy"), the current

6    and previous registrars, respectively, of the "Offending Domain." Federal Rule 26(d)(1) provides

7    that a party "may not seek discovery from any source before the parties have conferred as

8    required by Rule 26(f), except . . . when authorized . . . by court order." In this case, the parties

9    have not yet held a Rule 26(f) conference because, Plaintiffs claim, they have been unable, despite

10    their diligence, to identify and locate the Defendants. According to Plaintiffs, Defendants have

11    used subterfuge to conceal that information, which Plaintiffs believe NameCheap and GoDaddy

12    may possess.

13    Based on Plaintiffs' representations, the Court grants Plaintiffs leave to propound the

14    discovery they seek through third-party subpoenas to NameCheap and GoDaddy.

15    **C.  Motion Authorizing Alternative Service**

16    Finally, Plaintiffs ask this Court to authorize alternative service "of the Summons and

17    Complaint (as well as this motion and pleadings in support) on Defendants through the email

18    addresses associated with their Selling Accounts by registered email." Plaintiffs cite *Rubie's*

19    *Costume Co., Inc. v. Yiwu Hua Hao Toys Company*, and the cases cited therein, for the

20    proposition that the Ninth Circuit has authorized service on defendants located in China by email

21    under certain circumstances. 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (listing Ninth

22    Circuit cases authorizing alternative service by email under Fed. R. Civ. P. 4(f)(3)). As the court

23
24    ORDER RE: EX PARTE MOTION
      FOR PRELIMINARY INJUNCTION

25    - 3

in *Rubie's Costume* observed, however, although alternative service by email may be allowed under certain circumstances, "the Court must still consider whether the proposed method of service comports with due process." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1016 (9th Cir. 2002)). The *Rubie's Costume* court held that service by email was permissible only as to defendants "where Plaintiff has been unable to ascertain physical addresses for service after a reasonable effort or where there is evidence defendants are attempting to evade service." *Id.* The court denied the request to allow email service on defendants whose physical addresses had been ascertained, but upon whom service at those addresses had not even been attempted.

As discussed *supra*, the Court has granted Plaintiffs' request for limited discovery, by which Plaintiffs have claimed they will be able to obtain Defendants' identities and locations. Unless Plaintiffs are unable through that discovery to verify the identities and locations of the Defendants, or are able to do so but nevertheless unable to effect service at those locations, this lawsuit does not fall within the category of cases in which courts have previously authorized service by a "last known" email address. *See, e.g., Rio Properties*, 284 F.3d 1007 (authorizing alternative service where the plaintiff made multiple good faith yet unsuccessful efforts to serve the defendant and the defendant was "striving to evade service of process."); *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (allowing email service where plaintiff "searched multiple Chinese databases but was unable to locate the physical addresses" of defendants). Therefore, Plaintiffs' request to serve Defendants through email addresses associated with their Selling Accounts is granted, but only after Plaintiffs have made a reasonable attempt, but failed, to serve them at locations ascertained through the third-party subpoenas to GoDaddy and NameCheap, authorized above, or are unable to locate

ORDER RE: EX PARTE MOTION
FOR PRELIMINARY INJUNCTION

- 4

Defendants through those subpoenas.

## CONCLUSION

For the foregoing reasons, Plaintiffs' *Ex Parte* Motion is GRANTED in part as follows:

(1) the request for leave to conduct limited discovery is GRANTED as set out more fully above;

(2) the request to "approve alternative service" is GRANTED to the extent that Plaintiffs may use such alternative service if they are unable to ascertain physical addresses and serve Defendants at locations discovered through third-party subpoenas; and

(3) Plaintiffs shall file a brief in response to the ORDER TO SHOW CAUSE no later than April 1, 2022, as set forth above. Failure to do so will result in denial of their motion for preliminary injunction.

DATED this 24th day of March, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: EX PARTE MOTION
FOR PRELIMINARY INJUNCTION

- 5