The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and STREAMLIGHT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as the following Amazon Selling Accounts: MASSEAGS; CFD HELPING HANDS; JARRETT'S FENCE, LLC; JERILYN SMITH, LLC; MEALIGHT; MTT TECH; DOREEN CAMPBELL-ISAACS LLC; SOONS; DIFAG; FANRIN; SKABUL; TENUAL; GEMLIGHTS; and DOES 1-10,<br><br>Defendants. | NO. 2:21-cv-1456-BJR<br><br>**ORDER GRANTING PLAINTIFFS' (1) RENEWED MOTION FOR PRELIMINARY INJUNCTION; AND (2) SUPPLEMENTAL MOTION FOR EXPEDITED DISCOVERY** |

## I.   INTRODUCTION AND BACKGROUND

This matter comes before the Court on two Motions brought by Plaintiffs Amazon.com, Inc. and Streamlight, Inc. ("Plaintiffs"): (1) the Renewed Motion for a Preliminary Injunction (Dkt. No. 25); and (2) the Supplemental Motion for Expedited Discovery (Dkt. No. 32). After requesting and receiving authorization for alternative service, Plaintiffs served the Complaint and these Motions on Defendants through Defendants' last-known email addresses. *See* Order Granting Pls' Ex Parte Mot. Alt. Serv., Dkt. No. 15; Commerson Decl. ¶¶ 12, 14. None of the

ORDER GRANTING MOTIONS FOR PRELIMINARY
INJUNCTION AND EXPEDITED DISCOVERY

- 1

1  Defendants, however, have appeared in this matter or otherwise responded to the Complaint or
2  the instant motions. Having reviewed allegations in the Complaint, Plaintiffs' briefs, and
3  supporting evidence submitted by Plaintiffs, including the Declarations of Scott Commerson and
4  Raymond L. Sharrah, and having held a hearing by videoconference, the Court finds and rules as
5  follows.
6        Plaintiff Streamlight manufactures and sells "professional-grade, rail-mounted tactical
7  lights." Compl., Dkt. No. 1, ¶ 4. This lawsuit involves Lanham Act and Washington Consumer
8  Protection Act ("CPA") claims arising out of Defendants' alleged sale of counterfeit products
9  bearing Streamlight's trademarks, through Defendants' selling accounts on the Amazon.com
10 website. *See generally* Compl. Plaintiffs further allege that in conjunction with the sale of
11 products bearing the unauthorized Streamlight trademarks, Defendants have "used QR codes
12 designed to misdirect customers to fake authentication websites and misled customers into
13 believing that they purchased authentic Streamlight products when they had not." *Id*., ¶ 6.
14 Plaintiffs now seek a preliminary injunction, enjoining Defendants and "other persons who are in
15 active concert or participation" with Defendants—in particular, the third parties associated with
16 Defendants' fake authentication websites, registrar NameCheap.com, Inc., and domain registry
17 Verisign, Inc.—from continuing to infringe the Streamlight registered trademarks. Fed. R. Civ. P.
18 65(d)(2); *see* Commerson Decl., ¶ 8; Adams Decl., ¶ 9.
19       In its second motion, Plaintiffs seek an order authorizing pre-Federal Rule 26(f) discovery,
20 and in particular the service of subpoenas on third-party service providers Payoneer Inc.; LL Pay
21 U.S., LLC; World First UK Limited; PingPong Global Solutions Inc.; Google LLC; and
22 Microsoft Corporation, which Plaintiffs allege "are all linked to Defendants' counterfeiting
23 scheme." Supp. Mot. at 1. Plaintiffs submit that the purpose of these subpoenas is to ascertain
24 ORDER GRANTING MOTIONS FOR PRELIMINARY
    INJUNCTION AND EXPEDITED DISCOVERY
25

- 2

1  Defendants' true identities and locations.

2  **II.   RENEWED MOTION FOR PRELIMINARY INJUNCTION**

3  A preliminary injunction is an extraordinary remedy. *Munaf v. Geren*, 553 U.S. 674, 689–
4  90 (2008). To demonstrate entitlement to a preliminary injunction, a party must demonstrate "that
5  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
6  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
7  public interest." *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1126 (9th Cir. 2009) (citing *Winter v.*
8  *Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)).

9  The Court first concludes that Plaintiffs have adequately demonstrated a likelihood of
10 success on the merits of their Lanham Act and CPA claims, as set forth in their Complaint. *See*
11 Compl., ¶¶ 83-89 (Trademark Infringement – 15 U.S.C. § 1114); ¶¶ 90-98 (False Designation of
12 Origin and False Advertising – 15 U.S.C. § 1125(a)); ¶¶ 99-105 (False Designation of Origin and
13 False Advertising – 15 U.S.C. § 1125(a)); and ¶¶ 106-110 (Violation of Washington Consumer
14 Protection Act, RCW 19.86.010 *et seq*.). Plaintiffs allege that from November 2020 through
15 September 2021, "Defendants advertised, marketed, offered, and sold" counterfeit versions of
16 Streamlight products through Defendants' Amazon selling accounts. Compl., ¶ 6. In support of
17 their claims, Plaintiffs aver that they conducted test purchases of products through Defendants'
18 Amazon selling accounts, examined those products, and verified that those products failed to meet
19 the "manufacturing specifications for components of the authentic products," but bore the
20 (unauthorized) Streamlight trademarks. *See* Compl., ¶¶ 46-74; Sharrah Decl., ¶¶ 9-12. Plaintiffs
21 also claim that Defendants' counterfeit products directed purchasers to fake authentication
22 websites through QR codes on those products, and Plaintiffs have included in their Complaint an
23 image of such a QR code and screenshots of the fake websites to which it leads. *See* Compl., ¶¶

24 ORDER GRANTING MOTIONS FOR PRELIMINARY
   INJUNCTION AND EXPEDITED DISCOVERY

25

77-79. Defendants, which have not appeared despite having technically been served, have not disputed these allegations. Plaintiffs' plausible allegations, which are undisputed, support the elements of their claims, thus demonstrating a likelihood of success on the merits of those claims.

The Court also concludes that Plaintiffs are entitled to a presumption of the likelihood that they will suffer irreparable harm in the absence of an injunction. Plaintiffs seeking an injunction based on claims for False Designation of Origin and False Advertising under 15 U.S.C. § 1125 "shall be entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits."  15 U.S.C. § 1116(a). As noted above, the Court concludes that Plaintiffs are likely to prevail on the merits of their Lanham Act claims, and Defendants, having failed to appear, have not rebutted this statutory presumption. This element of entitlement to injunctive relief is therefore also met.

Further, the Court finds that under the facts alleged herein, which stand undisputed, the balance of equities weighs in favor of granting the injunction. Plaintiffs claim that Defendants' actions "have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers." Compl., ¶ 104. Plaintiffs further allege that "Defendants' infringement constitutes harm to Streamlight and Streamlight's reputation and goodwill." *Id*., ¶ 89. Defendants, in contrast, will suffer no inequity by being enjoined from continuing to infringe Streamlight's trademarks. *See WpIX, Inc. v. lvl, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) ("[I]t is axiomatic that an infringer ... cannot complain about the loss of ability to offer its infringing products.") (quotation marks omitted). The balance of these equities easily favors granting Plaintiffs' requested relief.

Finally, it cannot be disputed that enjoining the continued sale of counterfeit products would be in the public interest. "An injunction that prevents consumer confusion in trademark

ORDER GRANTING MOTIONS FOR PRELIMINARY
INJUNCTION AND EXPEDITED DISCOVERY

- 4

cases ... serves the public interest." *American. Rena Int'l Corp. v. SisJoyce Int'l Co. Ltd.*, 534 Fed. Appx 633, 636 (9th Cir. 2013) (citing *Internet Specialties W., Inc. v. Milon–DiGiorgio Enters., Inc.,* 559 F.3d 985, 993 (9th Cir.2009)). Plaintiffs have alleged—and Defendants have not disputed—that the counterfeit Streamlight products, and the continued operation of the fake authentication websites, threaten to cause customer confusion. An injunction restraining the continued sale and marketing of such products is therefore in the public interest.

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction is granted as set forth *infra*, § IV.

### III. SUPPLEMENTAL MOTION FOR EXPEDITED DISCOVERY

Plaintiffs have filed a Supplemental Motion for Expedited Discovery, seeking authorization to serve subpoenas on third parties, prior to any Federal Rule 26(f) conference having taken place, for the purpose of obtaining information about the "true identities" of the Defendants. Plaintiffs' motion and supporting declarations outline their attempts to identify, locate, and serve Defendants in this matter. Despite these efforts, Plaintiffs have been unable to ascertain the true identities of these parties, or their locations.

By this motion, Plaintiffs seek leave to serve subpoenas on Payoneer Inc.; LL Pay U.S., LLC; World First UK Limited; and PingPong Global Solutions Inc., which Plaintiffs claim are the payment service providers linked to Defendants' selling accounts on Amazon. According to Plaintiffs, these providers may be in possession of the names of the bank account holders, as well as the deposits and withdrawals associated with those selling accounts. Plaintiffs also request permission to serve subpoenas on Google LLC and Microsoft Corporation, which operate email services of the addresses that Defendants used to register their selling accounts with Amazon.

Under Federal Rule 26(d), parties may not seek "discovery from any source before the

parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Such authorization is appropriate where "good cause" exists. As this Court has observed under similar circumstances, early discovery is "routinely allow[ed] . . . for the limited purpose of identifying defendants on whom process could not otherwise be served," and "good cause" for pre-Rule 26(f) discovery exists "where a plaintiff has exhausted its means to identify the defendant through publicly-available information and has no other way to identify the bad actors involved in the scheme." *Amazon.com, Inc. v. Yong*, No. 21-170RSM, 2021 WL 1237863, at *2 (W.D. Wash. Apr. 2, 2021) (citations omitted) (authorizing discovery seeking "information only from those bank accounts, virtual payment processor Payoneer, and email accounts associated with the Amazon seller accounts for the purpose of identifying the individuals connected to those accounts"). Such are the circumstances here. Plaintiffs' Supplemental Motion for Expediated Discovery is therefore granted.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction is GRANTED as follows:

(1) Defendants and their officers, agents, servants, employees, and attorneys, and any person who is in active concert or participation with such persons, who receive actual notice of this injunction by personal service or otherwise, are hereby restrained (a) from infringing Streamlight Inc.'s registered trademarks by advertising, marketing, offering, selling, or distributing products bearing these trademarks; and (b) from operating websites that use Streamlight's registered trademarks in any manner, including without limitation on www.olt5.com ("Offending Domain").

(2) The domain name registries, internet service providers, hosts, and/or the individual

registrars holding or listing one or more of the websites used in conjunction with the Offending Domain, including but not limited to NameCheap, Inc. and Verisign, Inc. shall, within seven (7) days of notice of this Order, temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Plaintiffs request that particular domain names be released from such restraints.

(3) This Preliminary Injunction shall remain in effect for the pendency of this litigation, unless otherwise dissolved by the Court.

In addition, the Court GRANTS Plaintiffs' *ex parte* Supplemental Motion for Expedited Discovery. Plaintiffs are granted leave, prior to any Rule 26(f) conference, to serve Rule 45 subpoenas narrowly tailored to obtain information reasonably calculated to lead to the discovery of the identities and locations of Defendants involved in the alleged counterfeiting scheme from Payoneer Inc.; LL Pay U.S., LLC; World First UK Limited; PingPong Global Solutions Inc.; Google LLC; and Microsoft Corporation.

DATED this 19th day of December, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTIONS FOR PRELIMINARY
INJUNCTION AND EXPEDITED DISCOVERY

- 7