UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>XIAOJIE CHEN, et al.,<br><br>   Defendants. | Case No. C21-1456-BJR-SKV<br><br>ORDER GRANTING PLAINTIFFS' EX PARTE SUPPLEMENTAL MOTION FOR ALTERNATIVE SERVICE |

INTRODUCTION

Plaintiffs Amazon.com, Inc. (Amazon) and Streamlight, Inc. (Streamlight) filed an *Ex Parte* Supplemental Motion for Alternative Service. Dkt. 53. They seek an order authorizing completion of service of process by email on newly named Defendants Xiaojie Chen (Chen), Chunxiong Zhong (Zhong), He Songting (Songting), and Chen Ling (Ling). The Court, having considered the motion, all documents filed in support, and the balance of the record, herein GRANTS Plaintiffs' motion for the reasons set forth below.

BACKGROUND

This matter involves allegations of trademark infringement, false designation of origin and false advertising under the Lanham Act and violations of the Washington Consumer

1  Protection Act associated with the sale of counterfeit Streamlight products in the Amazon.com
2  store (Amazon Store).  *See* Dkts. 1 & 50.  Plaintiffs allege Defendants sold counterfeit goods
3  through a number of different Amazon "Selling Accounts."  *Id*.

4  Previously, the Court authorized service on unnamed individuals and entities doing
5  business as the Selling Accounts at email addresses used to register the accounts, provided that
6  Plaintiffs were unable to ascertain physical addresses and served Defendants at locations
7  discovered through third-party subpoenas authorized by the Court.  Dkt. 15.  When investigation
8  into third-party discovery failed to reveal valid physical addresses for Defendants, Plaintiffs
9  served Defendants at the email addresses used to register the Selling Accounts.  Dkt. 22.

10  The Court subsequently allowed for additional expedited discovery through subpoenas on
11  virtual payment service providers Payoneer Inc. (Payoneer), LL Pay U.S., LLC (LL Pay), and
12  PingPong Global Solutions, Inc. (PingPong), and on other third parties.  Dkt. 43.  Through the
13  discovery obtained, Plaintiffs traced the Selling Accounts to Chen, Zhong, Songting, and Ling.
14  Dkt. 53-2, ¶¶5-11.  With this information, Plaintiffs filed a First Amended Complaint naming
15  Chen, Zhong, Songting, and Ling as the Defendants to this action.  Dkt. 50.

16  The production from Payoneer, LL Pay, and PingPong also included potential physical
17  addresses for Defendants.  Dkt. 53-2, ¶¶5-11.  Upon investigation, none of the Defendants were
18  found at those addresses.  *Id*.  However, the addresses and other information obtained through
19  discovery provide support for the conclusion that Chen, Zhong, Songting, and Ling are likely
20  located in China.  *Id*.

21  Plaintiffs now seek a supplemental order from the Court granting leave to serve
22  Defendants Chen, Zhong, Songting, and Ling via email through the email addresses registered
23  with the Selling Accounts, including the following accounts and associated addresses:  (1) CFD

ORDER GRANTING PLAINTIFFS' EX PARTE
SUPPLEMENTAL MOTION FOR ALTERNATIVE
SERVICE - 2

Helping Hands (edtytd97@gmail.com); (2) Jarrett's Fence, LLC (lgzfkmy0ztz4@legislatormail.com; (3) MTT Tech (wfma11@outlook.com); (4) Jerilyn Smith, LLC (hjyezetixgbksz@hotmail.com); (5) Mealight (rlyhqitbdclv@hotmail.com); (6) Doreen Campbell-Isaacs (swsmeffzujqdu@hotmail.com); (7) SoonS (mdqgqttjfwlpwn@hotmail.com); (8) DiFag (yieijfgduip@hotmail.com); (9) FanRin (snprmtgshmaptn@hotmail.com); (10) Skabul (kjfplgidj@hotmail.com); (11) Tenual (yanseqgfaarp@hotmail.com); and (12) Gemlights (pzumykdikm@hotmail.com).  Dkt. 53-1, ¶4 & Dkt. 53-2, ¶15.  They note that the email addresses were used not only to register the Selling Accounts, but also to receive communications from Amazon and to log into the accounts, and were the primary means of communications from Amazon to Defendants.  Dkt. 53-1, ¶5.  Plaintiffs also observe that, on October 4, 2023, they emailed Defendants at the registered Selling Account email addresses, apprising Defendants of the pending action and providing copies of the First Amended Complaint, civil cover sheet, and summonses.  Dkt. 53-2, ¶15.  They did not receive error notices, bounce-back messages, or any other indication that the emails had not been delivered.  *Id*.  Plaintiffs seek to serve Defendants using RPost (www.rpost.com), an online service for service of process.  *Id*., ¶16.

## DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by:  (1) internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must

"demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Id*. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A.   Rule 4(f)

Plaintiffs assert their inability to locate a physical address for Chen, Zhong, Songting, or Ling. Dkt. 53-2, ¶¶6-14. Plaintiffs' investigation and discovery efforts narrowed the likely location of each individual to China. *Id*. China has been a party to the Hague Convention since 1992. *See* Contracting Parties to Hague Convention, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 24, 2023). The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969), 20 U.S.T. 361, 1969 WL 97765. Here, because they have been unable to locate a physical address for Chen, Zhong, Songting, or Ling, Plaintiffs could not utilize methods authorized by the Hague Convention. Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, this Court and other courts have concluded that email service on individuals located in China is not prohibited by the Hague Convention or by any other international agreement. *See, e.g., Rubie's Costume Co., Inc. v. Yew Hua Hao Toys Co.*, C18-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019)

1  (email service in China "not expressly prohibited by international agreement"). *See also*

2  *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766-RSM, 2021 WL 4307067, at

3  *1-2 (W.D. Wash. Sept. 22, 2021) (stating "courts in this district regularly authorize requests for

4  service by email on foreign defendants in countries that are parties to the Convention" and

5  granting motion for alternative service in China and Hong Kong).

6       Plaintiffs here demonstrate the need for the Court's intervention. The Court further finds

7  that service by email is not prohibited by international agreement. Plaintiffs therefore show that

8  an Order permitting service by email comports with Rule 4(f).

9  B.    Due Process

10       The Court must also determine whether service of process on Chen, Zhong, Songting,

11  and Ling through email would comport with due process. That is, the Court must consider

12  whether this method of service is "reasonably calculated, under all the circumstances," to apprise

13  Chen, Zhong, Songting, and Ling of this action and afford them the opportunity to object.

14  *Mullane*, 339 U.S. at 314.

15       Plaintiffs show that Chen, Zhong, Songting, and Ling are responsible for Payoneer, LL

16  Pay, or PingPong accounts associated with the Selling Accounts at issue and that the above-

17  described email addresses were used to conduct business on Amazon, serve as the primary

18  means of communication between Amazon and Defendants, and that the addresses remain active,

19  as demonstrated by test emails sent successfully and with no indication of a failure to deliver.

20  *See* Dkt. 53-1, ¶¶4-5, Dkt. 53-2, ¶¶5-10, 15. Plaintiffs argue that this showing supports the

21  conclusion that service on Chen, Zhong, Songting, and Ling by email is reasonably calculated to

22  provide actual notice.

23

ORDER GRANTING PLAINTIFFS' EX PARTE
SUPPLEMENTAL MOTION FOR ALTERNATIVE
SERVICE - 5

As found by the Ninth Circuit, the decision to allow service by email lies within the district court's discretion where the defendant has "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original). The situation here is somewhat less clear because Amazon suspended the Selling Accounts at issue. *See* Dkt. 50, ¶52. As a result, Chen, Zhong, Songting, and Ling no longer conduct business with Amazon through the accounts. Plaintiffs have, however, verified that the email addresses used to register and otherwise associated with the Selling Accounts remain active.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The Court has, accordingly, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023). *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26,

ORDER GRANTING PLAINTIFFS' EX PARTE
SUPPLEMENTAL MOTION FOR ALTERNATIVE
SERVICE - 6

2018). In contrast, where plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email addresses were still valid. *KexleWaterFilters*, 2023 WL 2017002, at *2, 4 (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action."), *renewed motion granted*, *KexleWaterFilters*, 2023 WL 3902694, at *2. *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any attempts to contact defendants, including attempted communication via email, through Selling Accounts, or by any other means).

Plaintiffs here demonstrate that all physical addresses obtained in relation to Chen, Zhong, Songting, and Ling were incorrect or otherwise inadequate for service. They also demonstrate that email addresses used by Chen, Zhong, Songting, and Ling to register Amazon Selling Accounts, serving as the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active. Together, these circumstances provide sufficient indicia that Chen, Zhong, Songting, and Ling are likely to receive notice if served by email. The Court therefore finds service through email is reasonably calculated to apprise Chen, Zhong, Songting, and Ling of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

/ / /

## CONCLUSION

The Court, in sum, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service. Dkt. 53. Specifically, the Court authorizes Plaintiffs to serve Defendants as follows:

1. Defendant Xiaojie Chen through the following email addresses registered with Amazon in connection with the CFD Helping Hands and Jarrett's Fence, LLC Selling Accounts: edtytd97@gmail.com and lgzfkmy0ztz4@legislatormail.com;

2. Defendant Chunxiong Zhong through the following email address registered with Amazon in connection with the MTT Tech Selling Account: wfma11@outlook.com;

3. He Songting through the following email addresses registered with Amazon in connection with the Jerilyn Smith, LLC, Mealight, and Doreen Campbell-Isaacs Selling Accounts: hjyezetixgbksz@hotmail.com, rlyhqitbdclv@hotmail.com, and swsmeffzujqdu@hotmail.com; and

4. Chen Ling through the following email addresses registered with Amazon in connection with the SoonS, DiFag, FanRin, Skabul, Tenual, and Gemlights Selling Accounts: mdqgqttjfwlpwn@hotmail.com, yieijfgduip@hotmail.com, snprmtgshmaptn@hotmail.com, kjfplgidj@hotmail.com, yanseqgfaarp@hotmail.com, and pzumykdikm@hotmail.com.

Plaintiffs are ORDERED to complete service and file proof of service by **November 8, 2023**.

Dated this 25th day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge